[Civ. No. 11425. Fourth Dist., Div. One. Sept. 21, 1972.]

ELINOR K. CHARNEY et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

J. Kenneth Jensen for Petitioners.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and Hugh E. McManus, Deputy District Attorneys, for Real Party in Interest.

## Opinion

**BROWN (Gerald), P. J.**—Peter and Elinor Charney, charged with possessing marijuana (Health & Saf. Code, § 11530), possessing marijuana paraphernalia (Health & Saf. Code, § 11555), and maintaining a place for sale of narcotics (Health & Saf. Code, § 11557), are entitled to a writ requiring the Superior Court of San Diego County to suppress evidence

because the evidence was discovered in an unlawful search. The search was unlawful because the magistrate used an improper and unauthorized procedure in determining to issue a warrant to search the Charneys' home. We treat their petition for prohibition as one for mandate.

## FACTS

On the morning of March 15, 1972, narcotics officers in Ocean Beach negotiated a purchase of marijuana from someone named "Billy" whom they had known only one day. During the negotiations Billy telephoned someone he called "Coby." He then told Officer Jansen he [Billy] would have to get the marijuana from Coby who lived in La Jolla.

Billy left the area alone, but was followed to the outskirts of La Jolla by another officer, who at that point lost sight of Billy's car.

Later that day an officer saw Billy driving the car, with a passenger. The officer stopped the car and searched it, finding marijuana bricks; he arrested Billy and the passenger, "Coby."

At the jail "Coby" identified himself as Christopher Borst and gave his address, a house in La Jolla.

An officer went to the house. Mrs. Charney answered the door. He told her he believed narcotics had been "dealt" from that address and requested permission to look around. Mrs. Charney refused to let him. The officer told her he would obtain a warrant and sent another officer for one. An officer remained while the warrant was obtained. The officers then searched the house and found marijuana.

■ The problem is the irregularity of the procedures used in obtaining the warrant. The affidavit given by Officer Jansen related the facts stated above up to the time the officers went to the house. Jansen concludes, ". . . based on the . . . information, I believe . . . grounds for issuance of a search warrant exist. . . ."

The magistrate was unsatisfied with the affidavit's sufficiency. He wanted more facts and asked Jansen questions. The magistrate wrote out by hand a document he called "Addendum to affid for S/W for 8585 El Paseo Grande S.D. [La Jolla]," stating:

"1. In making arrangements for Buy with 'Billy' the latter stated they usually backed the car up to 'Cobys' garage

"2. Before 'Billy' left affiant he made phone call in affiant's presence stating he was calling 'Coby' at his house

"3. Surveilling officer R. Corey, S.D.P.D. told affiant that he followed 'Billy' to approximately 1 Blk of 8585 El Paseo Grande when he lost sight of 'Billy'

"4. Affiant was present in a house in Ocean Beach with 'Billy's' roomate when phone call was received by the roomate. After the call the roomate informed affiant 'theyre leaving Coby's' house now and want the money inside 'Billy's' apt. so they can count it & split"

The addenum was signed "R.J. Stahl"; below the signature Judge Stahl wrote "Affiant has sworn to truth of above." That was initialed "R.S."

## DISCUSSION

Penal Code section 1525 provides: "A search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and the place to be searched."

A magistrate's function is to determine if the affidavit shows probable cause to issue a search warrant (*People* v. *Marshall,* 69 Cal.2d 51, 57 [69 Cal.Rptr. 585, 442 P.2d 665]). If he is not persuaded by the facts stated in the affidavit, he may examine the person seeking the warrant and any witnesses and then take their affidavits, which must be subscribed by the affiants (Pen. Code, § 1526, subd. (a)). Or, "[i]n lieu of the written affidavit . . . *the magistrate may take an oral statement under oath which shall be recorded and transcribed*" (Pen. Code, § 1526, subd. (b)): (Italics added.) This transcribed statement is deemed an affidavit, provided the recording and a transcription of the statement are certified by the magistrate and filed with the court clerk (Pen. Code, § 1526, subd. (b)).

With two authorized courses of action available, here the magistrate followed neither. His "addendum" is hearsay and consists of both factual and conclusionary statements. The magistrate wrote, "Affiant has sworn to truth of above." Only the signature of the magistrate attests to this; the "addendum" may not be considered as Jansen's affidavit under Penal Code section 1526, subdivision (a) because it was not signed by him.

Neither is the "addendum" a recorded and transcribed statement of the witness permitted by subdivision (b). As the People conceded in oral argument, it is only a summarization of what the witness said.

In its present form, a reviewing court is unable to determine just what Jansen stated on a first-person basis. It is required to rely on what is at best the magistrate's version of the affiant's statement.

The sworn, recorded and transcribed statement which subdivision (b) permits to be used in lieu of a written affidavit, contemplates a word for word recording and transcription of what the witness has said. If the statement is made on a question and answer basis, both the questions asked and the answers given must be recorded and transcribed.

The procedure followed by the magistrate was statutorily unauthorized and is not a proper basis to determine probable cause. In legal effect, the addendum is a nullity.

Since the affidavit, the only document the magistrate was entitled to consider, was, in his opinion, insufficient to furnish probable cause, there was no legal basis for issuing the search warrant. The search was illegal and the evidence found is inadmissible (*People* v. *Bilderbach,* 62 Cal.2d 757, 765-766 [44 Cal.Rptr. 313, 401 P.2d 921]).

Let a peremptory writ of mandate issue ordering the superior court to suppress the evidence found in searching the Charneys' house.

Ault, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.