[Crim. No. 32331. Second Dist., Div. Two. Jan. 12, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
LORENZO ENRIQUEZ MORALES, Defendant and Appellant.

[Crim. No. 33284. Second Dist., Div. Two. Jan. 12, 1979.]

In re LORENZO ENRIQUEZ MORALES on Habeas Corpus.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Martin Stein, Deputy State Public Defender, for Defendant and Appellant and Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline, Howard J. Schwab and William R. Pounders, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**COMPTON, J.**—Defendant was convicted by a jury of possession of heroin in violation of Health and Safety Code section 11350, subdivision (a). He was placed on probation on various terms and conditions including the service of one year in the county jail.

An appeal from the judgment of conviction was duly noticed. Subsequently defendant petitioned this court to vacate the judgment under Penal Code section 1181, subdivision 9[1] alleging that a portion of the court reporter's notes had been lost. We denied the motion by an order dated August 16, 1978. A copy of that order is appended hereto (appendix A).

Thereafter, on September 7, 1978, defendant filed, in this court, an original petition for writ of habeas corpus. That petition addresses, albeit, in a somewhat different fashion, the same issue raised by the motion to vacate the judgment. We consolidated the petition for habeas corpus with the appeal from the judgment.

Although defendant does not challenge the sufficiency of the evidence we set forth the essential facts as background for our discussion of defendant's claim of error.

On the day of the arrest, at about 2:30 in the afternoon, three plain-clothed narcotics investigators travelling in an unmarked police car, observed defendant standing in the street next to the driver's door of a

---

[1]Penal Code section 1181, subdivision 9 provides in part: "When a verdict has been rendered or a finding made against the defendant, the court *may,* upon his application, grant a new trial, in the following cases only: . . . 9. When the right to a phonographic report has not been waived, and when . . . because of the loss or destruction, in whole or in *substantial part,* of the notes of such reporter, the trial court or a judge, thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding." (Italics added.)

parked, unoccupied automobile. The location was in front of defendant's residence. Defendant was known to at least one of the investigators.

As the police car approached, the defendant walked around the parked vehicle onto the sidewalk. While so doing he reached into his pants pocket, removed a plastic baggie and dropped it onto the parking strip. The investigators retrieved the baggie and arrested the defendant. The baggie contained two toy balloons filled with about $50 worth of heroin.

At trial, defendant denied dropping the baggie and denied that he was a user of heroin. Defendant's common law wife testified that she observed the scenario from the window of defendant's residence. She claimed to have seen two other persons who were known heroin users, standing by the car. According to her, one of those two persons, a Mr. Vasquez, dropped the baggie.

In summary then, it was undisputed that one of two persons, i.e., defendant or Vasquez was, at the time and place in question, in possession of a substantial quantity of heroin. The jury had to decide which one.

The element of motive was injected into the case by defendant's suggestion that since Vasquez was a known user and defendant was not, the probabilities favored Vasquez as the possessor.

To counter this suggestion, the prosecution, quite properly, sought to establish that defendant was a nonusing seller of heroin. The prosecutor elicited testimony from one of the investigators concerning the street traffic in heroin including values and useable quantities. Of course, it is a matter of common knowledge that toy balloons are used as a vehicle for packaging heroin for street sale.

Additionally, the prosecutor cross-examined defendant and his common law wife concerning defendant's source of income. That questioning developed the fact that defendant, who was unemployed and without visible means of income, maintained a household with a putative wife and seven children. Finally in argument to the jury, the prosecutor suggested that defendant was selling heroin and therefore was the one who dropped the baggie in question.

All of defendant's claims of error on both the appeal and in his petition for habeas corpus revolve around the contention that the prosecution's attempt to portray the defendant as a seller of heroin was prejudicial error and introduced an irrelevancy because defendant was charged only with possession. We disagree.

The issue is simply one of relevancy. ■ Evidence having a tendency to prove motive on the defendant to commit the particular crime charged is admissible to assist in resolving a doubt as to the identity of the perpetrator, no matter how that evidence may reflect on the defendant and even when it may show that he has committed other offenses. (*People* v. *Gonzales,* 87 Cal.App.2d 867 [198 P.2d 81]; *People* v. *Mullen,* 115 Cal.App.2d 340 [252 P.2d 19]; *People* v. *Beyea,* 38 Cal.App.3d 176 [113 Cal.Rptr. 254]; *People* v. *Goedecke,* 65 Cal.2d 850 [56 Cal.Rptr. 625, 423 P.2d 777, 22 A.L.R.3d 1213].)

Proof of defendant's need for money has been held relevant and admissible in prosecuting for theft, robbery (*People* v. *Gorgol,* 122 Cal.App.2d 281 [265 P.2d 69]; *People* v. *Orloff,* 65 Cal.App.2d 614 [151 P.2d 288]), and sale of narcotics (*People* v. *Martin,* 17 Cal.App.3d 661 [95 Cal.Rptr. 250]). It is for the jury to determine whether defendant's financial situation tends to establish a motive for commission of a crime and thus connect defendant with such a commission. (*People* v. *Martin, supra*; also see *People* v. *Bigelow,* 165 Cal.App.2d 407 [332 P.2d 162]; *People* v. *Gallegos,* 180 Cal.App.2d 274 [4 Cal.Rptr. 413].) ■ Such evidence may be developed on cross-examination of the defendant even though defendant does not testify to his financial condition on direct examination. (*People* v. *Gorgol, supra*; also see *People* v. *Peete,* 28 Cal.2d 306 [169 P.2d 924]; *People* v. *Burns,* 109 Cal.App.2d 524 [241 P.2d 308, 242 P.2d 9].)

■ It is well established that in a case of possession of narcotics, the fact that the defendant is an addict is relevant to prove a motive for such possession and defendant's knowledge of the narcotic. (*People* v. *Hancock,* 156 Cal.App.2d 305 [319 P.2d 731]; *People* v. *Traylor,* 23 Cal.App.3d 323 [100 Cal.Rptr. 116].) Defendant here availed himself of this rule when he attempted to focus suspicion on Vasquez—a user of heroin—as the person who dropped the contraband on the sidewalk.

Personal use, however, is just one of two principal reasons that persons possess narcotics. The other is to sell. Defendant concedes that when the charge is sale or possession for sale, defendant's financial status is relevant. (*People* v. *Martin, supra.*)

■ The question raised by defendant's appeal is whether evidence of defendant's motive to sell narcotics and in fact any reference to *possible* sale of narcotics is rendered irrelevant simply because the

prosecutor charges only possession. We think not, and defendant has cited us to no authority for that proposition.

Possession is necessarily a part of the crime of sale or possession for sale. (*People* v. *Carrigan,* 221 Cal.App.2d 680 [34 Cal.Rptr. 574]; *People* v. *Rosales,* 226 Cal.App.2d 588 [38 Cal.Rptr. 329].) The case reports are replete with instances of obvious narcotic sellers being convicted of possession.

The fortuitous circumstances of the timing of the arrest or the quantity of the narcotics recovered may militate against a successful prosecution for sale, or even possession for sale. In our opinion, however, it follows like night and day that evidence of a motive to sell narcotics is as relevant where the charge is possession as it is where the charge is sale or possession for sale.

Here the prosecution had the burden of proving beyond a reasonable doubt that defendant was the one who possessed the contraband. When defendant conceded that someone possessed it but attempted to establish that it was Vasquez, because of the latter's motive of use, the prosecution was entitled to establish that defendant had an even more compelling motive, to wit, financial gain. In essence defendant argues that he was prejudiced simply by the fact that the prosecution's questions suggested he was poor. We reject any suggestion implicit in that argument that a jury would convict a defendant of possession of heroin simply because he was poor.

■ Laying that contention aside it is hard for us to see how the defendant could be prejudiced by the line of questioning. The evidence was of the type which could "cut two ways." A jury might have concluded that defendant having no income could not afford to acquire heroin. On the other hand, the jury could have viewed his lack of income as a motive to sell and thus possess heroin. Either way the trial judge was well within his discretion in finding the evidence to be relevant. (Evid. Code, § 352.)

Defendant concedes that his trial counsel did not object to the line of questioning by the prosecutor or to the latter's argument to the jury about which he now complains. Such a failure would ordinarily preclude defendant's raising the issue at this time. (*People* v. *Terry,* 2 Cal.3d 362 [85 Cal.Rptr. 409, 466 P.2d 961]; *People* v. *Beivelman,* 70 Cal.2d 60 [73 Cal.Rptr. 521, 447 P.2d 913].)

Defendant, however, has the usual fallback position of claiming that because trial counsel failed to object, counsel was incompetent and deprived defendant of a fair trial—citing *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487], and its progeny.

Our rejection of defendant's principal claim of error lays to rest any contention that his trial representative was inadequate. Failure to object to relevant evidence or proper argument is not the mark of inadequate representation nor incompetent counsel.

We now turn to the petition for habeas corpus. That petition is an upshot of our order denying the previous motion to vacate the judgment. That motion simply asked that the judgment be vacated because of the inadvertent loss of a portion of the court reporter's notes. As indicated in our order (appendix A) nothing was alleged as to what effect the loss had on defendant's ability to perfect his appeal.

Defendant has now attempted to remedy that defect by his petition for habeas corpus in which he incorporates material which is not part of the regular record on appeal.

Apparently the notes which were lost covered a portion of the cross-examination of defendant. Defendant's counsel on appeal has filed a declaration in which he recounts a conversation with defendant's trial counsel. In that conversation trial counsel allegedly stated that, during the portion of the cross-examination of defendant covered by the lost notes, the prosecutor asked additional questions concerning defendant's source of income and that proper objections were made.

Trial counsel articulated no particular tactical plan in failing to object to other similar questions or in failing to pursue the issue at the motion for a new trial. Further, trial counsel stated he was unaware of the existence of Penal Code section 1181, subdivision 9.

Appellate counsel now says that defendant is deprived of adequate representation on appeal because of the absence of the reporter's notes and was denied effective assistance of trial counsel because of the latter's failure to urge prosecutorial misconduct at the motion for a new trial and his lack of familiarity with Penal Code section 1181, subdivision 9.

■ Penal Code section 1181, subdivision 9 invests a court *with the power* to vacate a judgment and order a new trial where there has been a

loss "in whole" or "substantial part" of the reporter's notes. The section is not mandatory and the term "substantial part" is significant.

The test is whether in light of all the circumstances it appears that the lost portion is "substantial" in that it affects the ability of the reviewing court to conduct a meaningful review and the ability of the defendant to properly perfect his appeal. It is not every loss of any part of the reporter's notes that requires vacating of the judgment.

In the case at bench it appears that the portion of the reporter's notes which was lost was relatively small and contained nothing of any consequence except, according to defendant, some questions concerning defendant's source of income. Since we have already determined that that line of inquiry was proper, we must conclude that the loss was not "substantial" and does not require reversal of the judgment.

We reiterate what was contained in our order denying the motion to vacate. The failure of trial counsel at the motion for a new trial to call the trial court's attention to any glaring error allegedly occurring at the trial suggests that there was none.

Our previous disposition of the question of the relevancy of defendant's financial condition also serves to answer defendant's recycled claim of incompetency of defense counsel. In fact, defendant concedes that if that issue is resolved against him all of his claims of error necessarily are resolved against him.

Defendant's claim that trial counsel's lack of familiarity with Penal Code section 1181, subdivision 9 also indicates his incompetence is unimpressive. The discovery of the loss of the notes came after defendant had filed his notice of appeal. That lack of familiarity with the statute had nothing to do with the trial.

Defendant was fairly tried. The record reveals that his trial counsel, a deputy public defender of Los Angeles County, was aggressive, alert and thoroughly competent.

■ It is well established that in order to charge trial counsel with incompetence and thus obtain a reversal of a judgment on that ground, appellate counsel must satisfy a reviewing court that trial counsel was so inadequate that the trial amounted to a "farce or a sham." (*People* v. *Ibarra*, 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].)

The fact that appellate counsel feels that had he tried the case he would have handled the matter differently or even more effectively does not mean that incompetence of trial counsel is an "arguable" issue on appeal.

From our observations appellate counsel, whether they be state public defenders, privately employed counsel or court appointed counsel, generally have no markedly greater experience or trial expertise than the appellant's trial counsel. Yet we see what appears to us an inordinate number of cases in which incompetency of trial counsel is urged on appeal. In most, if not all, of these cases the difference between trial counsel's approach and appellate counsel's hindsight analysis is simply one of tactics and constitutes a frivolous issue.

We suggest that any thoughtful appellate counsel ought to read carefully Justice Gardner's analysis of the problem in *People* v. *Eckstrom*, 43 Cal.App.3d 996 [118 Cal.Rptr. 391], beginning at page 1000, before spending counsel's and the court's time in presenting the issue.

The judgment is affirmed.

The petition for habeas corpus is denied.

Roth, P. J., and Beach, J., concurred.

On January 31, 1979, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 8, 1979.