[Crim. No. 21471. First Dist., Div. One. Nov. 6, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
SCOTT JAMESON GONTER, Defendant and Respondent.

[Crim. No. 21475. First Dist., Div. One. Nov. 6, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHNNIE LEE HAWKINS, Defendant and Respondent.

[Crim. No. 21779. First Dist., Div. One. Nov. 6, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
STEVEN KANAME TAKIGAWA et al., Defendants and
Respondents.

336

COUNSELCOUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and William D. Stein, Deputy Attorney General, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

OPINION

**ELKINGTON, Acting P. J.**—We have consolidated the above-captioned appeals for hearing and determination by this court. They concern the jurisdiction of the Santa Clara County Superior Court, where sentence has *not* been imposed upon a convicted defendant, to require his submission as a condition of probation to what is known as the Deferred Incarceration Program (hereafter the Program).

Under the Program the convicted defendant is placed on probation for a fixed period, a condition of which probation is that he serve a stat-

ed term in the county jail. Execution of the jail term is then stayed for several weeks to a day certain, pending referral to the probation department for consideration, and recommendation, whether the defendant shall be referred to the Program. If the defendant is thereafter so referred by the court, the stay of execution is continued during his good behavior throughout the remainder of the probation period. Upon successful completion of the Program the defendant will ordinarily have served no county jail time at all.

Each of the several defendants had pleaded guilty to an offense under which, as a matter of law, he was eligible for probation. Upon their respective arraignments for judgment and sentence, *with the prosecutor present*, imposition of judgment was withheld and each was granted probation, a condition of which was a stayed county jail term and referral for consideration in the Program. Thereafter, upon recommendation of the probation department, each was placed in the Program. It was such placement that forms the basis of each of the instant appeals from an order "granting a deferred commitment to the defendant."

None of the defendants has filed a brief or otherwise appeared on the appeals.

As to each of the several defendants, the Attorney General contends that the superior court exceeded its jurisdiction in imposing the Program as a condition of probation.

■ A preliminary question is whether the People have a *right of appeal* from the orders "granting a deferred commitment to the defendant."

As noted, in each case judgment and sentence had not been imposed. "'The right to appeal from an order or judgment in a criminal case is purely statutory; no appeal by the People is proper unless expressly permitted by the Penal Code [§ 1238].'" (*People* v. *Thompson* (1970) 10 Cal.App.3d 129, 135 [88 Cal.Rptr. 753].) Here the orders under appeal were not orders made *after judgment* affecting the substantial rights of the People, nor did they modify the verdict or finding by reducing the degree of the offense or the punishment imposed (see Pen. Code, § 1238, subds. (a)(5), (6)), nor were they otherwise made appealable by statute (cf. *People* v. *La Fave* (1979) 92 Cal.App.3d 826 [156 Cal.Rptr. 63]). They were therefore not appealable.

■ Nevertheless, as earlier pointed out, the Attorney General contends that the orders were in excess of the trial court's jurisdiction. Where there is such a contention, as here, of at least arguable merit and no right of appeal or other plain, speedy, and adequate remedy exists, the writ of review will ordinarily lie. (See Code Civ. Proc., § 1068.) And such an extraordinary writ proceeding will lie on behalf of the People in a criminal case except from ordinary error or, unlike the case before us, where there is a threat of trial or retrial. (*People v. Superior Court (Howard)* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138], *passim; People v. Superior Court (Edmonds* (1971) 4 Cal.3d 605, 609 [94 Cal.Rptr. 250, 483 P.2d 1202]; *Sears v. Superior Court* (1933) 133 Cal.App. 704, 706 [24 P.2d 842].)

We are of the opinion that the ends of justice would best be served by treating each appeal as an application for a writ of review. Such a practice, in proper cases, has wide acceptance. (See *People v. Superior Court (Edmonds), supra,* 4 Cal.3d 605, 609; *Barnes v. Molino* (1980) 103 Cal.App.3d 46, 51 [162 Cal.Rptr. 786]; *Estate of Hoertkon* (1979) 88 Cal.App.3d 461, 463, fn. 1 [151 Cal.Rptr. 806]; *People v. Cimarusti* (1978) 81 Cal.App.3d 314, 320 [146 Cal.Rptr. 421]; *Estate of Hearst* (1977) 67 Cal.App.3d 777, 781 [136 Cal.Rptr. 821]; *Branham v. State Farm Mut. Auto. Ins. Co.* (1975) 48 Cal.App.3d 27, 32 [121 Cal.Rptr. 304].) ■ We accordingly address the People's contention that imposition of the Program as a condition of probation was in excess of the superior court's jurisdiction.

■ *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545], explains that: "The Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions thereof. (Pen. Code, § 1203 et seq.) A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....' ... Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (Fn. omitted.)

And *People v. Richards* (1976) 17 Cal.3d 614, 619 [131 Cal.Rptr. 537, 552 P.2d 97], holds: "Trial courts are granted broad discretion un-

der Penal Code section 1203.1 to prescribe conditions of probation. . . . However, a condition imposed must serve a purpose specified in the code section." And see *In re Lewallen* (1979) 23 Cal.3d 274, 281 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823]; *People v. Edwards* (1976) 18 Cal.3d 796, 802 [135 Cal.Rptr. 411, 557 P.2d 995]; *In re Bine* (1957) 47 Cal.2d 814, 817 [306 P.2d 445].

Penal Code section 1203.1, alluded to in *People v. Richards, supra,* 17 Cal.3d 614, states:

"The court or judge thereof, in the order granting probation, may suspend the imposing, or the execution of the sentence and may direct that such suspension may continue for such period of time not exceeding the maximum possible term of such sentence, except as hereinafter set forth, and upon such terms and conditions as it shall determine. The court, or judge thereof, in the order granting probation and as a condition thereof may imprison the defendant in the county jail for a period not exceeding the maximum time fixed by law in the instant case; . . ." (1st par.)

"The court may impose and require any or all of the above-mentioned terms of imprisonment . . . and conditions and other reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from such breach and generally and specifically for the reformation and rehabilitation of the probationer, that should the probationer violate any of the terms or conditions imposed by the court in the instant matter, it shall have authority to modify and change any and all such terms and conditions and to reimprison the probationer in the county jail within the limitations of the penalty of the public offense involved. . . ." (3d par.)

██ We find the probation condition of the Program not only reasonable, but also manifestly to comport with *People v. Lent's* requirement of "'relationship to the crime of which the offender was convicted,'" and with forbiddance of conduct "'reasonably related to future criminality . . . .'" So also does it meet the requirements of a probation condition as set forth in Penal Code section 1203.1. Indeed, it appears to satisfy a principal purpose of probation, i.e., the discouragement of future criminal conduct by enhancing the probability of incarceration upon its commission.

The Attorney General also urges that: "The procedure utilized in deferring incarceration amounts to secret sentencing and is invalid."

We find no justification for characterization of the Program, as here implemented, as "secret sentencing." On each of the instant judgment and sentencing proceedings attending the probation department's initial report, the prosecutor, as noted, was present. On each of the occasions the trial court, among other things, referred the defendant to the Program.

█ We have not disregarded the Attorney General's argument that the placement of each defendant in the Program was a "modification" of the order granting him probation, of which *notice* to the district attorney was required by Penal Code section 1203.2, subdivision (b). We think that the announced probable placement of the defendants in the Program at the initial sentencing and probation proceedings, was *not* a "modification." But assuming, arguendo, that it was, we find *the notice given the prosecutor at those proceedings* to have been sufficient compliance with section 1203.2, subdivision (b).

Each of the orders "granting a deferred commitment to the defendant" is affirmed.

Grodin, J., and Ragan, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.