[No. B003680. Second Dist., Div. Five. Mar. 7, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
MILTON CURRY, Defendant and Respondent.

COUNSEL

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Plaintiff and Appellant.

Timothy C. Lannen for Defendant and Respondent.

OPINION

**ASHBY, Acting P. J.**—The People appeal (Pen. Code, § 1238, subd. (a)(1)) from an order dismissing the information pursuant to Penal Code section 995.

By information defendant Milton Curry was charged with possession of cocaine. (Health & Saf. Code, § 11350.) The evidence was seized from defendant's home and person on December 13, 1982, pursuant to a search warrant.

The warrant was issued on December 10, 1982, upon the sworn affidavit of Detective Nettles of the Los Angeles Police Department. The sworn affidavit incorporates by reference an "attached statement of probable cause."

Defendant moved to quash the search warrant, the motion being heard by the magistrate who issued the warrant, as provided by Penal Code section 1538.5, subdivision (b). (*People* v. *Sanchez* (1972) 24 Cal.App.3d 664, 682-684 [101 Cal.Rptr. 193].)[1] The sole ground for defendant's motion was that the third page of the referenced statement of probable cause was missing from the court file. Notwithstanding a continuance, the police, the prosecutor's office and the clerk's office had been unable to find the page or a copy. The magistrate vividly recalled this particular affidavit, however, and the circumstances surrounding issuance of the warrant. The magistrate found that the facts recited in the first two pages of the attachment amply supported probable cause for issuance of the warrant, and that the missing third page contained only a standard recital by the affiant that in his opinion narcotics would be found on the described premises. Defense counsel argued that notwithstanding the magistrate's findings and probable cause supported by the first two pages, the warrant must be quashed if the third page was missing from the court file, reasoning "that by law, we have a right to have it." The magistrate denied defendant's motion, but the superior court, on defendant's motion pursuant to Penal Code section 995, agreed with

---

[1]Penal Code section 1538.5, subdivision (b), provides: "When consistent with the procedures set forth in this section and subject to the provisions of Section 170 through 170.6 of the Code of Civil Procedure, the motion should first be heard by the magistrate who issued the search warrant if there is a warrant."

defendant, quashed the warrant, and dismissed the information.[2] We hold the superior court erred and that no authority requires quashing the warrant in the circumstances of this case.

The context of the first two pages of the referenced statement amply supports the magistrate's recollection and conclusion that all the facts supporting probable cause were contained in the first two pages and that only routine concluding remarks were contained on the missing page. The first two pages described how the affiant, an expert narcotics officer, had on November 3, 1982, served a previous search warrant for this same location "666 West 68th Street" and the person of "Milton." That search had revealed various items of narcotics and narcotics paraphernalia, and identification in the name of Milton Curry matching the physical description which had been given by an informant in support of that previous warrant. Milton was not present in the residence, but as Officer Nettles was leaving, he observed a brown AMC Rambler stop in front of the location. The driver, who fit the description of Milton, looked in the direction of the location and then speedily drove away. Police pursued this vehicle, but it escaped after a high speed chase. Returning to the residence, the officer was told by neighbors that the driver was in fact Milton Curry and that the suspect vehicle belonged to Curry's wife.

Between December 3 and December 10, 1982, the affiant received information from a confidential reliable informant that Milton was still selling marijuana from his residence at 666 West 68th Street and using a brown Rambler and a 1979 Cadillac to make deliveries from his residence to the buyer. The details supporting the reliability of the informant were set forth. Page 2 of the statement then concludes, "Your affiant is of the opinion that Milton Curry is in possession of marijuana for sale due to information from the above informant and your affiant's expertise in the field of narcotics especially marijuana. Due to the prior investigation and search of the suspect's residence, your affiant is of the expert opinion [P. 2 ends here.]"

■ Thus both the magistrate's findings on the original motion and the context of the first two pages of the statement show that the entire factual basis for issuance of the warrant was contained in the first two pages of the statement and that the third missing page contained only routine concluding remarks not at all essential to issuance of the warrant.

---

[2]In the superior court defendant simultaneously moved to dismiss pursuant to Penal Code section 995 and to quash the warrant and suppress evidence pursuant to Penal Code section 1538.5. *People* v. *Laiwa* (1983) 34 Cal.3d 711, 716-724 [195 Cal.Rptr. 503, 669 P.2d 1278], discusses some procedural and theoretical difficulties with such compound motions. Here the superior court accepted the magistrate's findings but disagreed on the question of law presented, and, as in *Laiwa,* at page 724, we deem the superior court to have acted only on the section 995 motion.

Defendant's argument is highly abstract and speculative. He contends that notwithstanding the recollection and findings of the magistrate that the missing page contained only routine concluding remarks, and even if the first two pages support probable cause for issuance of the warrant, the warrant must nevertheless be quashed on the theory that without the additional page judicial review of the magistrate's determination of probable cause is now impossible. We find no merit to this contention in the circumstances of this case.

Occasionally a loss or destruction of a portion of the record, where no adequate substitute is available, has been held to prevent any meaningful appellate review in light of the particular circumstances and particular issues raised. For instance, a number of cases deal with the problem of the loss or destruction of the reporter's notes of a trial, which is now a specific statutory ground for a new trial. (Pen. Code, § 1181, subd. 9.) Sometimes a substitute, such as a settled statement, is adequate. (*People* v. *Huff* (1978) 83 Cal.App.3d 549, 556 [147 Cal.Rptr. 316]; *People* v. *Scott* (1972) 23 Cal.App.3d 80, 86 [100 Cal.Rptr. 34].) In cases where such a substitute is not adequate, courts have exercised the power to order a new trial where all (*People* v. *Jones* (1981) 125 Cal.App.3d 298, 301 [178 Cal.Rptr. 44]) or a substantial portion (*In re Steven B.* (1979) 25 Cal.3d 1, 8 [157 Cal.Rptr. 510, 598 P.2d 480]) or a critical portion (*People* v. *Apalatequi* (1978) 82 Cal.App.3d 970, 973 [147 Cal.Rptr. 473]) of the reporter's notes were missing, making meaningful review impossible in light of the contentions raised. On the other hand, where omissions or inaccuracies in the reporter's notes are inconsequential (*People* v. *Chessman* (1950) 35 Cal.2d 455, 462 [218 P.2d 769, 19 A.L.R.2d 1084]) or not substantial (*People* v. *Morales* (1979) 88 Cal.App.3d 259, 266-267 [151 Cal.Rptr. 610]) reversal is not required. In the course of holding that the loss of the reporter's notes of a portion of the cross-examination of defendant was not prejudicial, the court in *People* v. *Morales* stated, "The test is whether in light of all the circumstances it appears that the lost portion is 'substantial' in that it affects the ability of the reviewing court to conduct a meaningful review and the ability of the defendant to properly perfect his appeal." (*Id.,* at p. 267.)

Similarly, the effect of the loss of a piece of evidence depends on the circumstances of the case. In *In re Roderick S.* (1981) 125 Cal.App.3d 48 [177 Cal.Rptr. 800], the minor was prosecuted for possession of a switchblade knife, and the description of the knife by the arresting officer did not fully satisfy the statutory definition of a switchblade. The knife was admitted into evidence, but the evidence was destroyed pending the appeal. The court reversed, holding that in light of the insubstantial testimonial evidence, and the appellate court's inability to view the critical bit of evidence itself, the judgment could not be sustained. On the other hand, in *People* v. *Lee* (1974)

38 Cal.App.3d 749, 757-759 [113 Cal.Rptr. 641], the loss of certain exhibits during jury deliberations was held to be nonprejudicial in light of the defendant's failure to demonstrate the value of the lost exhibits or a reasonable possibility that the outcome would have been different had the evidence not been lost.

In *People* v. *Barnard* (1982) 138 Cal.App.3d 400, 407-409 [188 Cal.Rptr. 176], the trial court had examined, *in camera* outside the presence of the defense, a confidential law enforcement file and had sustained a prosecution claim that the file was privileged. Instead of sealing the file and making it a part of the record, the trial court erroneously returned the file to the agency. When the privilege issue was raised on appeal, a file was transmitted to the appellate court with a certification by the trial court that it accurately represented the file which the trial court had reviewed. The appellate court held this procedure did not constitute reversible error or a denial of the defendant's due process rights on appeal. "In this case the ultimate issue sought to be raised is whether the trial court abused its discretion in ruling that the DEA file should not be disclosed to the defendant. In order to review this ruling, we must have the file before us. The certification procedure employed in the present case was designed to accomplish this, as is the preparation of a settled statement where the reporter's notes are lost or destroyed. Since the trial court has certified the file before us as identical to the file ruled on originally, and since we must presume the court's ruling is correct, we hold the errors below harmless beyond a reasonable doubt, and for that reason reach the question of abuse of discretion." (*Id.,* at pp. 408-409.) After reviewing the cases involving defects in the record on appeal, the court concluded, "The attention paid in these cases to the particular circumstances surrounding the irregularity in the record and the consequences flowing from it simply is not consistent with the rule of per se reversal defendant urges in the present case. The rule that emerges is that reversal is indicated only where critical evidence or a substantial part of a transcript is irretrievably lost or destroyed, and there is no alternative way to provide an adequate record so that the appellate court may pass upon the question sought to be raised." (*Id.,* at p. 408; fn. omitted.)

Turning to the circumstances of this case, we find no prejudicial defect in the record. As contemplated by Penal Code section 1538.5, subdivision (b), the magistrate with personal recollection of the circumstances has found that the missing page contained only routine concluding language. (See *People* v. *Barnard, supra,* 138 Cal.App.3d 400, 407-409.) There is no reason to doubt this finding, since the context of the first two pages clearly supports that conclusion. ■ Search warrant affidavits are to be interpreted in a commonsense and nontechnical manner (*People* v. *Superior Court (Johnson)* (1972) 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183]) and it

is clear that the affiant had finished reciting the factual background and his expert conclusions, and was in the midst of routinely concluding his remarks. ■ Under the particular circumstances there is no reasonable possibility that the missing page contains additional facts negating the probable cause shown by the first two pages. Defendant has not called the affiant as a witness in order to demonstrate that there are any material omissions, as defendant would have the right and burden to do. (*People* v. *Kurland* (1980) 28 Cal.3d 376, 390 [168 Cal.Rptr. 667, 618 P.2d 213]; *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 101 [104 Cal.Rptr. 226, 501 P.2d 234].) He instead seeks a rule of automatic or per se quashing of the warrant. Under the facts of this case and the law, he is not so entitled.

*Kaylor* v. *Superior Court* (1980) 108 Cal.App.3d 451 [166 Cal.Rptr. 598], cited by defendant, is clearly distinguishable. In that case the affiant had incorporated, as his statement supporting probable cause, over 155 pages of police reports, some of which were illegible, and the magistrate who issued the warrant admitted in a superior court hearing that he had not read all of the pages and could not remember which ones he had read. (*Id.,* at p. 457.) It was under those peculiar circumstances that a divided court of appeal held that it could not determine the evidence upon which the magistrate had made his determination of probable cause, that the record was insufficient to permit judicial review, and that the warrant should be quashed. (*Id.,* at pp. 457-458.) Here, on the other hand, the magistrate has explicitly found that the third page contained nothing of substance. The first two pages contain a complete and coherent statement of all the facts supporting a determination of probable cause.

*Charney* v. *Superior Court* (1972) 27 Cal.App.3d 888 [104 Cal.Rptr. 213], cited by the superior court in granting defendant's motion, is likewise distinguishable. In that case the magistrate had concluded that the affidavit did *not* support probable cause, so the magistrate asked the affiant some additional questions and wrote out an addendum summarizing the answers. The appellate court held that the addendum was neither an additional affidavit nor a recorded and transcribed oral statement under oath (Pen. Code, § 1526) and could not be considered, leaving only an affidavit which was insufficient to furnish probable cause. (*Id.,* at p. 892.) Here, on the other hand, the portions of the statement which are included in the record constitute a complete statement of probable cause and there is no reason the warrant must be quashed. (*Theodor* v. *Superior Court, supra,* 8 Cal.3d 77, 87.)

■ Finally, defendant also cites *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], for the proposition that because the page was lost, suppression of the evidence should follow. There is no suggestion

in the record that the loss of the page was anything other than inadvertent and in good faith. Accordingly, in order to invoke sanctions the defendant must make a showing of the substantial materiality of the lost evidence. (*People* v. *Ammons* (1980) 103 Cal.App.3d 20, 33 [162 Cal.Rptr. 772]; *People* v. *Chambers* (1980) 108 Cal.App.3d 985, 989 [166 Cal.Rptr. 815].) Defendant has made no such showing here, since as found by the magistrate and shown by the context of the first two pages, the missing page would have no substantial bearing on the determination of probable cause, much less on defendant's guilt or innocence.

The order of dismissal is reversed.

Hastings, J., and Eagleson, J., concurred.