[No. F007935. Fifth Dist. Jan. 14, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID GLEN FORTUNE, Defendant and Respondent.

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Garrett Beaumont and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Appellant.

Gregory M. Chappel, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**HAMLIN, J.**—Defendant David Glen Fortune was charged with multiple violations of the Health and Safety Code: possession of marijuana for sale (Health & Saf. Code, § 11359), cultivation of marijuana (Health & Saf. Code, § 11358), possession of methamphetamine (Health & Saf. Code, § 11377), and possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)). After pleading not guilty, defendant moved to traverse the search warrant under which the evidence supporting the charges against him had been seized. He based his motion on the lack of compliance with Penal Code section 1526, subdivision (b)[1] in the issuance of the warrant.

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

Specifically, he contended the oral affidavit made in support of the telephonic search warrant had not been recorded and transcribed. The trial court granted defendant's motion, relying on *Charney v. Superior Court* (1972) 27 Cal.App.3d 888 [104 Cal.Rptr. 213] and holding the good faith exception inapplicable.

The People appeal pursuant to section 1238, contending that the instant case is a good faith case under *United States v. Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405], and that substantial compliance with section 1526, subdivision (b) is sufficient under these facts. We agree with both contentions and will reverse the judgment.

## STATEMENT OF FACTS

At the beginning of his preliminary hearing, defendant moved to traverse the search warrant, contending a reconstructed affidavit prepared by Deputy Sheriff Bruce Saunders did not comply with the requirements of section 1526, subdivision (b). Detective Saunders was called as a witness and testified that on July 27, 1986, he telephoned Judge Daniel J. Tobias of the East Kern County Municipal Court for issuance of a telephonic search warrant.[2] Saunders relied upon several pages of field notes which he had prepared two days before he called Judge Tobias. Prior to making the telephone call, Saunders had tested his recording equipment and found it was working correctly. Saunders was sworn before he recited to Judge Tobias the facts reflected in his handwritten field notes. Based on Saunders's sworn statements, Judge Tobias authorized a warrant. Saunders then read to Judge Tobias the entire text of a search warrant already drafted, including "all the items to be searched for, premises and persons"; and Judge Tobias authorized Saunders to sign the judge's name and execute the warrant.

Saunders placed the tape, which he believed contained a recording of his conversation with Judge Tobias, into a locked file cabinet where the sheriff's department retained documentation on search warrants. However, nine days later Saunders received a note from the transcriber that, except for the first two to three minutes of the tape, the recording was inaudible and could not be transcribed. Using the same field notes, Saunders then "reconstructed" a statement of the facts he had recited under oath to Judge Tobias on the telephone (reconstructed affidavit) and submitted it to Judge Tobias for certification. To the best of Saunders's recollection, there was nothing contained in the reconstructed affidavit that had not been included in his oral statement to Judge Tobias.

---

[2] Sitting as magistrate, Judge Tobias also presided over defendant's preliminary hearing.

Although not sworn as a witness, Judge Tobias responded to the prosecutor's inquiry concerning his certification of the reconstructed affidavit, filed a week before the preliminary hearing: "I seem to recall that I did, but I don't recall at this point. My recollection is that I read it and certified it, but I do not recall at this point for sure. I remember talking to Deputy Saunders about it one or two weeks ago, 'cause he made me aware of the situation." The court then reviewed all three exhibits, Saunders's field notes, the search warrant itself, and Saunders's reconstructed affidavit, and denied defendant's motion to traverse the search warrant, stating: "THE COURT: It appears to me that the warrant was made in good faith, the affidavit was made in good faith, and that therefore the search warrant was issued in good faith and served in good faith and that this is only something that came up afterward. And my reaction to that is that there has not been a violation of your client's Constitutional rights because, first of all, the latest decisions of U.S. Supreme Court allowed for some leniency in the technical requirements for a search warrant. The law favors the issuance of a search warrant. The law favors police obtaining warrants instead of warrantless searches because a review of the factual situation made by a magistrate before the warrant is issued.

"So I do not believe that this is a violation of that Constitutional standard. I think it is a violation of the statutory standard under 1539 of the Penal Code. I believe that it provides for the taking of testimony after the preparation of the oral affidavit where there had been this type of error. Actually, it's not even an error. It's just a malfunction of equipment. And I do not believe that the malfunction of a tape recorder is of sufficient cause to justify the suppression of the evidence. So at this point any ground for suppression of the evidence, the suppression is denied."

When the motion to traverse was renewed in the superior court, the motion judge concluded defendant's argument was correct and granted his motion to traverse the search warrant. The information was dismissed later on defendant's motion.

DISCUSSION

I.

■ We first consider defendant's contention that the People cannot appeal the merits of the traversal of the search warrant. Defendant asserts that the procedure by which the information was dismissed does not fall within one of the statutory bases for an appeal by the People. The People's notice of appeal indicates only that the appeal was taken pursuant to section 1238. Defendant, on the other hand, has selected two of section 1238's nine

possible procedural prerequisites to an appeal by the People, explaining why neither of the selected subdivisions encompasses the instant appeal, and concluded the People are thus barred from arguing the merits of the trial court's order. We disagree.

Following the hearing on defendant's motion in superior court to traverse the search warrant, the court took the matter under submission and granted the motion by minute order the following day. The hearing two days later on defendant's motion to dismiss was a brief one. The relevant portions of that hearing are three. (1) Because she had no evidence to proceed but planned on appealing the trial court's decision, the prosecutor "suppose[d] the court could grant" a motion to dismiss. (2) The court advised counsel it "need[ed] to have a motion." (3) Eugene Lorenz, standing in for defense counsel Patrick Glennon, stated he would make the motion to dismiss. The motion was submitted without opposition by the People and granted.

Section 1238 provides in pertinent part: "(a) An appeal may be taken by the people from any of the following:

"(1) An order setting aside the indictment, information, or complaint.

". . . . . . . . . . . . . . . . . . . . . . . . .

"(7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code.

"(8) An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.

". . . . . . . . . . . . . . . . . . . . . . . . ."

As subdivision (a) (7) makes clear, the People may appeal from a trial court's dismissal of a case, made on the court's own motion in the interests of justice (§ 1385), following an order granting a defendant's motion to suppress evidence. Defendant correctly points out the trial court here did not utilize its power to dismiss his case in the interests of justice, seeking instead a motion from the parties, and therefore the People's appeal cannot be based on subdivision (a) (7). (See, e.g., *People* v. *Gonter* (1981) 125 Cal.App.3d 333, 337 [178 Cal.Rptr. 66]; *People* v. *Ritchie* (1971) 17 Cal.App.3d 1098, 1103-1104 [95 Cal.Rptr. 462].) However, we find nothing

in the record to suggest the People were relying on subdivision (a) (7), and thus defendant's objection, while interesting, is not well taken.

Defendant also argues, albeit somewhat obscurely, that the People are precluded from appealing pursuant to subdivision (a)(8) in that they invited the trial court's error in granting "Defendant's 'Section 1385 Motion to Dismiss.'" The simple answer to this contention is that defendant specified no grounds for his motion to dismiss, and therefore the trial court did not err, by invitation or otherwise, in granting defendant's motion. Under these circumstances, subdivision (a)(8) provides a basis for the People's appeal since the trial court's order of dismissal, although based on defendant's motion, did terminate the action before defendant had been placed in jeopardy.

We note also that, notwithstanding the vagueness of the procedure utilized at the hearing at which defendant's motion to dismiss was granted, the result is functionally equivalent to an order setting aside an information pursuant to section 995 following the trial court's suppression of evidence pursuant to section 1538.5. As the Supreme Court pointed out in *People* v. *Chapman* (1984) 36 Cal.3d 98, 105, at footnote 3 [201 Cal.Rptr. 628, 679 P.2d 62]: "This court has held that where a trial court grants an accused's section 995 motion following an order granting a motion to suppress, it is preferable for the prosecution to seek review of such rulings by petition for writ of mandate or prohibition. (*People* v. *Laiwa* (1983) 34 Cal.3d 711, 724 . . . .) However, the merits of the suppression ruling may be reviewed on an appeal from the section 995 order alone, where '[t]he [trial] court . . . accepted the facts as found by the magistrate; the entire hearing was dedicated to debating questions of precedent; and the ruling was based exclusively on the court's interpretation of the relevant law.' (*Ibid.*) [¶] This case reaches us in the same procedural posture as did *Laiwa.* As in *Laiwa,* the trial court ruled on a purely legal issue and did not resolve any disputed questions of fact. Thus, as *Laiwa* teaches, this court may reach the merits of the suppression order on the prosecution's section 1238, subdivision (a)(1) appeal."

The trial court here dismissed the information based on the lack of evidence following the trial court's interpretation of the relevant law. Therefore, under either section 1238, subdivision (a)(8), or by analogy to subdivision (a)(1), there is no impediment to consideration of the merits of the People's appeal.

## II.

We begin our consideration of the merits of the People's appeal with the well-established observation that article I, section 28, subdivision (d) of

the California Constitution, added by initiative measure on June 8, 1982, and commonly known as Proposition 8, permits "exclusion of relevant, but unlawfully obtained evidence, only if exclusion is required by the United States Constitution." (*In re Lance W.* (1985) 37 Cal.3d 873, 890 [210 Cal.Rptr. 631, 694 P.2d 744].) Federal courts, in construing rule 41, Federal Rules of Criminal Procedure, 18 United States Code,[3] have not found it necessary to order suppression of evidence seized pursuant to a search warrant when a verbatim transcript of the affidavit is unavailable because of technical noncompliance with the rule. For example, in *United States* v. *Stefanson* (9th Cir. 1981) 648 F.2d 1231, 1234-1236, the magistrate's recording of his conversation with the affiant officer was in part inaudible because of problems with the recording device. The magistrate dictated the probable cause statement from the tape recording but supplemented the statement from memory in those sections of the tape that were inaudible. In rejecting the appellant's attack on the telephonic search warrant's validity, the trial court characterized the magistrate's failure to make a verbatim transcription of his conversation with the affiant as a technical irregularity and stated: "Finally, appellant has not established that he suffered any prejudice from this irregularity under Rule 41. In fact, the district court ruled that because the transcript was substantially accurate and because the magistrate had not acted in bad faith in transcribing the taped conversation, the appellant had suffered no substantial prejudice." (*Id.* at pp. 1235-1236.)

Similarly, in *United States* v. *Allen* (N.D.Ill. 1984) 586 F.Supp. 825, 828-829, attempted transcription disclosed that the original and all copies of the tape of the conversation with the affiant were blank. The court nevertheless concluded that the defendant failed to show how he had been prejudiced by the bare unavailability of a verbatim transcript of the affidavit.

Moreover, the decision of the United States Supreme Court in *United States* v. *Leon, supra,* 468 U.S. 897 has been held applicable to motions to exclude evidence seized pursuant to a search warrant. (See, e.g., *People* v. *MacAvoy* (1984) 162 Cal.App.3d 746, 758-760 [209 Cal.Rptr. 34]; *People* v. *Helmquist* (1984) 161 Cal.App.3d 609, 614-616 [207 Cal.Rptr. 718].) In *Leon* the court concluded that exclusion of relevant evidence was not a

---

[3] Rule 41(c)(2)(D): "When a caller informs the Federal magistrate that the purpose of the call is to request a warrant, the Federal magistrate shall immediately place under oath each person whose testimony forms a basis of the application and each person applying for that warrant. If a voice recording device is available, the Federal magistrate shall record by means of such device all of the call after the caller informs the Federal magistrate that the purpose of the call is to request a warrant. Otherwise, a stenographic or longhand verbatim record shall be made. If a voice recording device is used or a stenographic record made, the Federal magistrate shall have the record transcribed, shall certify the accuracy of the transcription, and shall file a copy of the original record and the transcription with the court. If a longhand verbatim record is made, the Federal magistrate shall file a signed copy with the court."

constitutionally compelled sanction when the evidence had been seized pursuant to a warrant issued by a detached and neutral magistrate *and* when the officer executing the warrant and conducting the search acted in an objectively reasonable belief in the validity of the warrant. (See also *Massachusetts* v. *Sheppard* (1984) 468 U.S. 981, 987-988 [82 L.Ed.2d 737, 742-744, 104 S.Ct. 3424].) Having reviewed the purposes underlying imposition of the exclusionary sanction, specifically the deterrence of future police misconduct, the court in *United States* v. *Leon, supra,* observed that "[p]articularly when law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred on such guilty defendants offends basic concepts of the criminal justice system. [Citation.] . . . Accordingly, '[a]s with any remedial device, the application of the [exclusionary] rule has been restricted to those areas where its remedial objectives are thought most efficaciously served.' [Citations.]" (*United States* v. *Leon, supra,* 468 U.S. at pp. 907-908 [82 L.Ed.2d at pp. 688-689].)

The rule announced in *United States* v. *Leon, supra,* and *Massachusetts* v. *Sheppard, supra,* has come to be known as the "good faith exception" to the exclusionary rule. In *People* v. *MacAvoy, supra,* 162 Cal.App.3d at page 764 the court defined "the essential prerequisite to the reasonable good faith exception" as a finding that "the officers had a good faith objectively reasonable belief that the *search they conducted* was authorized by a valid warrant [and] . . . 'that the officers properly executed the warrant and *searched* only those places and for those objects that it was reasonable to believe were covered by the warrant.' [Citation.]"

Section 1525 provides in part that "[a] search warrant cannot be issued but upon probable cause, supported by affidavit, . . ." To effectuate this provision, section 1526 provides: "(a) The magistrate may, before issuing the warrant, examine on oath the person seeking the warrant and any witnesses he may produce, and must take his affidavit or their affidavits in writing, and cause same to be subscribed by the party or parties making same.

"(b) In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an affidavit for the purposes of this chapter. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the magistrate receiving it and shall be filed with the clerk of the court. In the alternative in such cases, the sworn oral statement shall be recorded by a certified court reporter and the transcript of the statement shall be certified by the

reporter, after which the magistrate receiving it shall certify the transcript which shall be filed with the clerk of the court."

■ Defendant argues that section 1526, subdivision (b), is merely a procedural device for obtaining a search warrant and consequently outside the scope of California Constitution, article I, section 28, subdivision (d), because the statute does no more than regulate "the discovery of potential evidence or information, not the admissibility or inadmissibility of such evidence or information." That argument is not persuasive. By arguing that section 1526, subdivision (b) is not subject to federal law governing exclusion of evidence since it is merely a procedural device for obtaining a search warrant, defendant leaves no logical or legal basis for his contention that any violation of this "procedural" statute *compels* exclusion of evidence seized pursuant to the warrant. Defendant simply cannot have it both ways. In seeking to traverse the search warrant here, defendant sought suppression of the evidence seized pursuant to the warrant; thus defendant himself effectively triggered the provisions of section 28, subdivision (d) of article I of the California Constitution, and the trial court erred in failing to apply applicable federal precedent.

Significantly, defendant in no way challenges the probable cause underlying issuance of the warrant, nor does defendant suggest in any way that Deputy Saunders willfully or negligently violated the provisions of section 1526, subdivision (b). ■ Defendant's sole contention is that because a mechanical failure, apparently beyond the control of the officer or the magistrate, prevented the officer's oral affidavit from being recorded, defendant is entitled as a matter of absolute right to have the warrant quashed and the evidence seized under the warrant suppressed. Defendant does not challenge Deputy Saunders's contention that he checked his equipment before placing the call to Judge Tobias and found it to be in working order, nor does defendant challenge Saunders's testimony that his "reconstruction" of the facts he had recited under oath to Judge Tobias on the telephone was based on the same field notes from which he had made his original oral statement to Judge Tobias. Moreover, the delay between issuance of the original warrant and Saunders's reconstruction was less than 10 days. Saunders testified under oath and to the best of his recollection that nothing was reflected in the reconstruction that had not been part of his oral affidavit to Judge Tobias; and Judge Tobias, in ruling on defendant's motion, confirmed that the reconstruction was consistent with his recollection of Saunders's sworn statement by telephone.

Admittedly, the court pointed out in *Charney* v. *Superior Court, supra,* 27 Cal.App.3d 888, the case on which the trial court relied exclusively in granting defendant's motion, "[t]he sworn, recorded and transcribed

statement which subdivision (b) permits to be used in lieu of a written affidavit, contemplates a word for word recording and transcription of what the witness has said. If the statement is made on a question and answer basis, both the questions asked and the answers given must be recorded and transcribed." (*Id*. at p. 892; see also *Powelson* v. *Superior Court* (1970) 9 Cal.App.3d 357, 360-361 [88 Cal.Rptr. 8].) Nevertheless, in a more thorough analysis of the statute and the purposes underlying it, the court in *People* v. *Sanchez* (1982) 131 Cal.App.3d 323, 329 [182 Cal.Rptr. 430], stated: ■ "Both the Fourth Amendment of the United States Constitution and its counterpart in the California Constitution (art. I, § 13) provide no search warrant shall issue except upon probable cause, supported by oath or affirmation. Neither requires presentation of a written affidavit or declaration as a prerequisite to the issuance of a warrant. The use of a telephonic search warrant authorized by California law is constitutional [citation]. Compliance with the requisites of the statute must be adhered to in order to insure adequate judicial supervision and control to preserve the constitutional guarantees [citation]. Technical defects in the procedure, however, do not invalidate the search [citation]. The suppression of the evidence is necessary in the case of a defective search procedure where required to deter—to compel respect for the constitutional guaranty in the only effective available way—by removing the incentive to disregard it and also to preserve the imperative of judicial integrity [citation]. The inadvertent absence of the magistrate's signature on the traditional warrant has been held a technical defect which does not invalidate the warrant [citations]. We can find no authority holding the absence of the original telephonic search warrant invalidates the search."

While the issue in *Sanchez* was the magistrate's failure to prepare or sign an original copy of the search warrant as required by section 1528, the analysis offered by the court is not only instructive in the instant case but markedly similar in many respects to the good faith analysis articulated by the United States Supreme Court in *United States* v. *Leon, supra,* 468 U.S. 897. (See also *People* v. *Curry* (1985) 165 Cal.App.3d 349, 352-355 [211 Cal.Rptr. 590]; and this court's opinion in *People* v. *Meza* (1984) 162 Cal.App.3d 25, 34-38 [208 Cal.Rptr. 576].)

■ As the California Supreme Court made clear in *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 100-101 [104 Cal.Rptr. 226, 501 P.2d 234], a criminal defendant is entitled to the affidavit supporting a search warrant since he may go behind the face of the warrant in an attempt to controvert those facts offered to support the magistrate's probable cause determination. ■ The reconstructed affidavit in this case did provide an adequate record from which either a trial court or a reviewing court could have gauged a challenge to the existence of probable cause, *had any such*

*challenge been made*. Moreover, defendant in no way suggested that Saunders had acted in bad faith in obtaining the warrant; acceptance of the trial court's conclusion that absence of the recording of the oral affidavit *precludes* testing the officer's good faith almost presupposes the officer acted in bad faith unless he can prove otherwise. As for the sufficiency of probable cause established by the affidavit, the best result a defendant could hope for in challenging the sufficiency of the affidavit is that it would be found lacking and the search warrant would fall. However, in such a case, the "good faith" exception of *United States* v. *Leon, supra,* 468 U.S. 897 could still salvage the admissibility of the evidence seized. We can conceive of no reason why a defendant should be better off when a technical defect, apparently totally beyond the control of the officer, prevents the tape recording of the oral affidavit as required by statute than that same defendant would be if he were successful in showing the affidavit was insufficient to establish probable cause.

Simply stated, the trial court here erred in failing to apply controlling federal authority, whether the applicable rule is found to be that stated in *United States* v. *Stefanson, supra,* 468 F.2d 1231 and *United States* v. *Allen, supra,* 586 F.Supp. 825, i.e., exclusion of evidence is not constitutionally compelled for technical noncompliance with the requirements for a telephonic search warrant, or the "good faith" exception to the exclusionary rule as articulated in *United States* v. *Leon, supra,* 468 U.S. 897.

The judgment is reversed and the matter is remanded to the trial court for further proceedings.

Woolpert, Acting P. J., and Pettitt, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied March 31, 1988.

---

* Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.