[No. F019486. Fifth Dist. Feb. 16, 1994.]

In re IAN J., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
IAN J., Defendant and Appellant.

## COUNSEL

Janusz Seremak, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Cynthia G. Besemer and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, J.**—Is reversal required when a juvenile court fails to require a verbatim record of a hearing at which the minor admits the petition? We conclude reversal is not always required; appellant, Ian J., has failed to demonstrate entitlement to reversal in the present case.

### FACTUAL AND PROCEDURAL BACKGROUND

A "subsequent ward petition" was filed on February 17, 1993, alleging that 16-year-old Ian J. (hereafter appellant) came within the provisions of Welfare and Institutions Code section 602.[1] The six-count petition included count V, violation of Penal Code section 148.9, and count VI, violation of his ten previous probation orders, some of which entailed stayed confinement periods.

On March 4, 1993, the parties stipulated that Court Commissioner Timothy J. Helfer could preside over the juvenile court proceedings as a temporary judge and that all proceedings could be electronically recorded. On March 10, 1993, he conducted the jurisdictional hearing; the proceedings were neither reported nor recorded.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

The clerk's minutes for the jurisdictional hearing indicate the following: The court informed appellant of his rights to trial, to remain silent, to confront and cross-examine witnesses, and to compel attendance of witnesses. Appellant knowingly and intelligently waived those rights. The court advised appellant that the maximum confinement on the petition was 32 months. Appellant admitted counts V and VI, as amended, and the court found a factual basis for the allegations.

The dispositional hearing occurred on March 24, 1993, and was reported. Appellant urged that he be given another chance in a home placement. The court instead followed the recommendation of the probation officer and committed appellant to the California Youth Authority for up to 32 months.

## DISCUSSION

■■■ Appellant contends his admission of the petition was not free and voluntary, and that he was misadvised concerning the maximum period of confinement. He contends he cannot effectively argue these issues in the absence of a verbatim transcript[2] of the jurisdictional hearing. ■■■ Respondent retorts there was no statutory requirement that the jurisdictional hearing be reported; to the extent appellant was prejudiced by any failure to report the hearing, he has waived his right to a new jurisdictional hearing because he failed to request such a hearing as provided in section 252.[3]

To start, respondent's argument is not helpful. It is true, as respondent points out, that section 677 only requires that juvenile court hearings be reported when conducted by a judge; a referee has discretion to report such hearings. However, the discretion of a referee to dispense with a court reporter is irrelevant in the present case.

First, on the record before us, Commissioner Helfer is just that: a court commissioner appointed pursuant to section 259 of the Code of Civil Procedure. A court commissioner, as such, has no juvenile court authority; he is not a juvenile court referee, a different and separate statutory creature.

---

[2]As noted above, the stipulation signed by the parties permitted electronic recording in lieu of shorthand reporting by a court reporter. For purposes of this case there is no reason to distinguish between the two methods of preserving a verbatim record (compare *In re David T.* (1976) 55 Cal.App.3d 798, 800-801 [127 Cal.Rptr. 729]), and we will generally use the term "reported."

[3]Section 252 provides, in relevant part: "At any time prior to the expiration of 10 days after service of a written copy of the order and findings of a referee, a minor or his parent or guardian may apply to the juvenile court for a rehearing. . . . If proceedings before the referee have not been taken down by an official reporter, such application shall be granted as of right. . . ."

(See *In re Edgar M.* (1975) 14 Cal.3d 727, 734, 735 [122 Cal.Rptr. 574, 537 P.2d 406].) Referees are appointed pursuant to section 247. The right of a party under section 252 to timely request the rehearing of an unreported matter applies only to hearings conducted by referees.

Second, Commissioner Helfer was not sitting as either a commissioner or a referee, but instead was sitting by stipulation as a temporary judge. There is no right to rehearing before a permanent juvenile court judge of the orders of a temporary judge (see *In re Mark L.* (1983) 34 Cal.3d 171, 178 [193 Cal.Rptr. 165, 666 P.2d 22]); thus there was no such right waived by appellant.

We now turn to the real issue in this case. Must a minor appealing from a section 602 proceeding show prejudice in order to obtain reversal of a judgment premised upon a petition the minor admitted in an unreported hearing?

In *In re Steven B.* (1979) 25 Cal.3d 1 [157 Cal.Rptr. 510, 598 P.2d 480], the minor appealed from an order for probation. He contended on appeal that insufficient evidence supported the jurisdictional finding. "After a notice of appeal was filed, the court reporter, who had taken down the proceedings, discovered that his notes of the second day of the jurisdictional hearing had been inadvertently destroyed." (*Id.* at pp. 3-4.)

The Supreme Court first noted that no statute or rule provided specific guidance when reporter's transcripts are unavailable in juvenile appeals. (*In re Steven B., supra,* 25 Cal.3d at p. 6.) "In a criminal case, the trial or reviewing court is expressly authorized to grant a new trial when a substantial portion of the reporter's notes are lost or destroyed. (Pen. Code, § 1181, subd. 9; see also Code Civ. Proc., § 914.) In addition, an appellant may move for permission to prepare a settled statement when a portion of the reporter's transcription cannot be obtained. (Rule 36(b), Cal. Rules of Court.) However, no statute, rule or case holds that a settled statement is appropriate in a juvenile court appeal when a complete transcript is unavailable." (*Ibid.*)

Writing in the rather limited context of a contested jurisdictional hearing and an appeal challenging sufficiency of the evidence, the court concluded that in juvenile cases "there is no adequate substitute for a complete record" and that a new jurisdictional hearing was required. (*In re Steven B., supra,* 25 Cal.3d at p. 8.)

Left unclear by *Steven B.,* and particularly critical to the present case, is whether a juvenile case is reversible per se whenever the record of a

jurisdictional hearing, even an uncontested one, is incomplete. We note that the Supreme Court went to some length in its opinion to show that the minor suffered actual prejudice on the facts before it. (*In re Steven B., supra*, 25 Cal.3d at pp. 7-9.) In other words, reversal was necessary in that case even under the established rule in criminal appeals that " '. . . there must be an adequate record to enable the court to pass upon the questions sought to be raised.' (*People* v. *Apalatequi* (1978) 82 Cal.App.3d 970, 973.)" (*Id.* at p. 7.)

In *People* v. *Curry* (1985) 165 Cal.App.3d 349, 353 [211 Cal.Rptr. 590], the appellate court interpreted *In re Steven B.* as applying the prejudice standard normally prevailing in criminal appeals: "Occasionally a loss or destruction of a portion of the record, where no adequate substitute is available, has been held to prevent any meaningful appellate review in light of the particular circumstances and particular issues raised. For instance, a number of cases deal with the problem of the loss or destruction of the reporter's notes of a trial, which is now a specific statutory ground for a new trial. (Pen. Code, § 1181, subd. 9.) Sometimes a substitute, such as a settled statement, is adequate. (*People* v. *Huff* (1978) 83 Cal.App.3d 549, 556; *People* v. *Scott* (1972) 23 Cal.App.3d 80, 86.) In cases where such a substitute is not adequate, courts have exercised the power to order a new trial where all (*People* v. *Jones* (1981) 125 Cal.App.3d 298, 301) or a substantial portion (*In re Steven B.* (1979) 25 Cal.3d 1, 8) or a critical portion (*People* v. *Apalatequi* (1978) 82 Cal.App.3d 970, 973) of the reporter's notes were missing, making meaningful review impossible in light of the contentions raised."

This interpretation of *In re Steven B.* was recently reiterated by the Supreme Court in *People* v. *Pinholster* (1992) 1 Cal.4th 865 [4 Cal.Rptr.2d 765, 824 P.2d 571]. At issue there were unreported sidebar and chambers conferences in a death penalty trial.

" ' "The test is whether in light of all the circumstances it appears that the lost portion is 'substantial' in that it affects the ability of the reviewing court to conduct a meaningful review and the ability of the defendant to properly perfect his appeal." ' (*People* v. *Holloway* [(1990)] 50 Cal.3d [1098,] 1116, quoting *People* v. *Morales* (1979) 88 Cal.App.3d 259, 267.) We concluded that a settled statement provided an adequate substitute for the missing transcript. [Citation.]

"This is obviously not a case like those defendant cites in which the record of the trial as a whole is missing or unavailable. (See, e.g., *People* v. *Jones* (1981) 125 Cal.App.3d 298 [notes of whole trial destroyed]; *In re Ray O.*

(1979) 97 Cal.App.3d 136, 138-139 revd. on other grounds 213 Cal.App.3d 701, 708 [no reporter's transcript of juvenile disposition hearing].) This is not a case in which a large or crucial portion of the record is missing (see, e.g., *In re Steven B.* (1979) 25 Cal.3d 1 [stenographic notes for half of juvenile jurisdictional hearing destroyed]; *People* v. *Apalatequi* (1978) 82 Cal.App.3d 970, 973 [reporter's notes of arguments of counsel lost; settled statement inadequate to raise prosecutorial misconduct argument]), or in which a crucial item of evidence is not available on appeal (compare *In re Roderick S.* (1981) 125 Cal.App.3d 48 [loss of knife in possession of weapon case necessitates reversal] with *People* v. *Curry* (1985) 165 Cal.App.3d 349, 353-354 [affirmance in face of loss of part of officer's probable cause statement to magistrate]). Rather, it is one in which only an inconsequential portion of the proceedings was not transcribed and has not been reconstructed. (Compare, e.g., *People* v. *Moore* (1988) 201 Cal.App.3d 51, 56 [omission of defense counsel's closing arguments inconsequential].)" (*People* v. *Pinholster, supra,* 1 Cal.4th at p. 921.)

We conclude *In re Steven B.* does not set forth a special standard of per se reversal applicable to all jurisdictional hearings, despite certain suggestive language in the *Steven B.* opinion. Rather, that case was decided on the basis the missing transcript was of a "substantial" portion of the contested trial and could not fairly be reconstructed by other means, thereby depriving the minor of fair consideration of the merits of his appeal. (Cf. *People* v. *Pinholster, supra,* 1 Cal.4th at p. 921.)

Accordingly, we find it appropriate to consider the present case in light of the general standard of prejudice. There are two aspects of this case that lead us to conclude reversal is not required.

First, we are not entirely lacking a record of the proceedings at the jurisdictional hearing. This was not a contested hearing that resulted in virtually nondescript clerk's minutes such as "Jane Doe testified for petitioner." Instead, the simple procedures of admonition and waiver, accusation and admission are recorded in significant detail in the minutes. Thus, we know from the minutes not only that the court found free and voluntary appellant's admission of counts V and VI, but in addition we know the details of the process that led up to the court's finding. As such, we conclude the clerk's minutes are, in this case, an adequate substitute for a verbatim record. (Cf. *People* v. *Holloway* (1990) 50 Cal.3d 1098, 1116 [269 Cal.Rptr. 530, 790 P.2d 1327]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 459, p. 452.)

Second, the only area in which some question of error is at all supported by the record before us has been waived because not raised below. Appellant

correctly points out that the petition itself advises appellant that the maximum confinement time on the petition is 30 months. The minutes of the jurisdictional hearing report that appellant was advised that the maximum time was 32 months, the correct calculation. Conceivably, a transcript of the jurisdictional hearing might show that the court in fact read the incorrect 30-month maximum from the petition, and that the clerk erroneously recorded the advisement.

Even if we engage in such speculation, however, the underlying error would not be reversible. The advisement of the maximum penalty at a jurisdictional hearing is not constitutionally required. (*People* v. *Walker* (1992) 54 Cal.3d 1013, 1022 [1 Cal.Rptr.2d 902, 819 P.2d 861].) In *People* v. *Walker*, *supra*, at page 1023, the court held that the failure to raise this error at the time of sentencing, or in this case at the dispositional hearing, waives the issue on appeal. We do have before us a reporter's transcript of the dispositional hearing, and no issues at all are raised at that hearing concerning the jurisdictional hearing.

In summary, the current record, in the form of the clerk's minute order, is sufficient to permit us to conclude appellant's admission of amended counts V and VI was free and voluntary. The issue concerning advisement of the direct consequences of the plea was waived when not raised at the dispositional hearing.

## DISPOSITION

The judgment is affirmed.

Stone (W. A.), Acting P. J., and Harris, J., concurred.

A petition for a rehearing was denied March 4, 1994, and appellant's petition for review by the Supreme Court was denied May 11, 1994.