Filed 1/26/26  In re T.D. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re T.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>T.D.,<br><br>    Defendant and Appellant. | F089190<br><br>(Super. Ct. No. 24JL-00149-A)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Merced County.  Stephanie L. Jamieson, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Barton Bowers and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A juvenile wardship petition alleged T.D., a minor, committed a felony violation of Penal Code section 626.10, subdivision (a)(1) by bringing weapons onto public school grounds. Over T.D.'s counsel's objection, all the proceedings before the juvenile court were transcribed by an electronic recorder rather than an official court reporter. At the time of the proceedings, the court had a standing order that all juvenile court proceedings would be electronically recorded instead of transcribed by an official court reporter. T.D. admitted he was in possession of weapons on school grounds as a misdemeanor. The court found the allegation in the petition true and T.D. was adjudged a ward of the court. T.D. was placed on informal probation for six months and ordered to complete 10 hours of community service and seek counseling, among other terms and conditions of probation.

On appeal, T.D. contends the failure to provide an official court reporter at his juvenile court proceedings violated Welfare and Institutions Code[1] section 677 and requires reversal of the court's order and remand for new proceedings with an official court reporter. The Attorney General concedes T.D. had a statutory right to an official court reporter during the proceedings under section 677 but argues any error in failing to provide a reporter was harmless.

We affirm.

## PROCEDURAL SUMMARY

On September 17, 2024, the Merced County District Attorney filed an amended juvenile wardship petition under section 602 alleging T.D. brought weapons onto public school grounds in violation of Penal Code section 626.10, subdivision (a)(1). The petition alleged the offense as a felony.[2]

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

[2]     A violation of Penal Code section 626.10, subdivision (a)(1) is a wobbler. "A wobbler is a crime that can be punished as either a felony or a misdemeanor." (*In re G.C.* (2020) 8 Cal.5th 1119, 1122, fn. 1.) "When a minor is found to have committed a

At a detention hearing on September 17, 2024, the juvenile court advised the parties that pursuant to Merced County Superior Court standing order No. 2024-03, a court reporter would not be provided for juvenile court proceedings, and the hearing would be electronically recorded.  No objection was made.  The court appointed counsel for T.D.  T.D. was released with an electronic monitor.

According to the minute order for a pretrial hearing on September 26, 2024, the juvenile court again advised the parties of standing order No. 2024-03.  The minute order does not reflect an objection by either party.

On October 15, 2024, T.D.'s counsel filed an objection to standing order No. 2024-03.  On the same day, counsel lodged the objection with the juvenile court during a pretrial hearing.  The court acknowledged and overruled the objection.  The court released T.D. from the electronic monitor as he had been reinstated as a student with his school and was attending school again.

On October 24, 2024, T.D. filed a motion for informal probation pursuant to sections 654 and 654.2.

On October 29, 2024, the juvenile court held a pretrial hearing.  The court noted again that pursuant to standing order No. 2024-03, a court reporter is no longer assigned to delinquency proceedings due to an ongoing court reporter shortage in California.  The court acknowledged and overruled T.D.'s counsel's standing objection to order No. 2024-03.  The court denied T.D.'s motion for informal probation.  On T.D.'s motion and without objection by the prosecution, the court ordered the sole offense deemed a misdemeanor.  T.D. admitted he was in possession of a weapon on school grounds as alleged in the amended petition as a misdemeanor.  Prior to his admission, the court advised T.D. of the rights he was waiving by admitting the allegation and confirmed his

---

so-called 'wobbler' offense, the juvenile court 'shall declare the offense to be a misdemeanor or felony.' " (*Id*. at p. 1122, fn. omitted; § 702.)

3.

understanding and waiver of his rights. The court found the allegation in the petition to be true and adjudged T.D. to be a ward of the court.

On December 4, 2024, the probation officer filed a social study report and recommendation. The officer recommended T.D. be placed on probation for six months.

A disposition hearing was held on December 17, 2024. The proceedings were again conducted without a court reporter and electronically recorded pursuant to standing order No. 2024-03. The juvenile court adopted the probation officer's recommendation and placed T.D. on probation for six months pursuant to section 725, subdivision (a). T.D. was also ordered to obey all laws, complete 10 hours of community service, and seek counseling, among other terms and conditions of probation.

T.D. filed a timely notice of appeal.

### FACTUAL SUMMARY[3]

On September 12, 2024, a campus supervisor at Golden Valley High School observed T.D., a student and then age 14, walking onto campus with a black knife in his waistband. When confronted, T.D. told the supervisor he had brought the knife to school by accident. A subsequent search of his backpack in his mother's presence unearthed three knives in T.D.'s possession: an eight-inch blade, a four-inch blade, and a three-and-a-half-inch blade. T.D. reported he was being bullied and harassed by an older student on the cross-country team with him. He brought the knives to school because he was scared. T.D. was placed under arrest and taken to a juvenile correctional facility.

### DISCUSSION

T.D.'s sole contention on appeal is the juvenile court violated section 677 by failing to provide an official court reporter at any of his juvenile court proceedings. He essentially argues the court's failure to comply with section 677 is per se prejudicial and mandates the court's order be set aside and new juvenile jurisdictional proceedings

---

[3] The facts of the underlying offense are taken from the probation officer's report.

4.

ordered in which the oral proceedings are recorded by an official court reporter. The Attorney General concedes the court violated T.D.'s statutory right to an official court reporter under section 677 but argues the error was harmless because a complete verbatim transcript of the electronically recorded proceedings has been included in the record on appeal, protecting T.D.'s right to appeal despite the statutory violation. The Attorney General has the better argument.

Section 677 provides in relevant part: "At any juvenile court hearing conducted by a juvenile court judge, an official court reporter shall … take down in shorthand all the testimony and all of the statements and remarks of the judge and all persons appearing at the hearing …." Further, "[o]n an appeal from an order of the juvenile court the record of the oral proceedings before that court is a transcript thereof prepared and certified by the official reporter …." (*In re David T.* (1976) 55 Cal.App.3d 798, 800–801 [finding the Legislature did not intend to permit a settled statement in lieu of an official reporter's transcript for juvenile proceedings].)[4]

There is currently a court reporter shortage in California due to a lack of qualified applicants, rather than a lack of funding.[5] Courts have consequently resorted to electronically recording proceedings. However, section 677 requires juvenile court

---

[4] California law permits the electronic recording of proceedings in certain types of cases: "If an official reporter or an official reporter pro tempore is unavailable to report an action or proceeding in a court, subject to the availability of approved equipment and equipment monitors, the court may order that, *in a limited civil case, or a misdemeanor or infraction case*, the action or proceeding be electronically recorded …." (Gov. Code, § 69957, subd. (a), italics added.) Though T.D. ultimately admitted to the allegation as a misdemeanor, the petition charged T.D. with a felony violation of Penal Code section 626.10, subdivision (a)(1). The parties agree, as do we, this statute is not applicable to this case.

[5] See <https://courts.ca.gov/system/files/file/fact-sheet-shortage-certified-shorthand-reporters-june-2025_0.pdf> [as of January 26, 2026], archived at <http://perma.cc/PZ8N-3L3W>.

proceedings conducted by a judge be transcribed by an official court reporter.[6]  There is no dispute the juvenile court erred by applying standing order No. 2024-03 in violation of T.D.'s statutory right to an official reporter during his juvenile proceedings.  Notably, standing order No. 2024-03 is no longer in effect in Merced County Superior Court.[7]

The real issue is if the juvenile court's violation of section 677 harmed T.D., and if so, whether the harm was prejudicial.  T.D. concedes he is hard-pressed to find he was harmed by the court's failure to comply with section 677 but argues he is unable to do so because he cannot tell whether what was recorded and transcribed is an accurate rendition of what was said during the proceedings.  He extolls on the purported superiority of a transcript prepared by an official court reporter versus a transcript from an electronic recording, effectively arguing the latter cannot be a substitute for the former.

"Juveniles are deemed to be more in need of guidance and supervision than adults, and their constitutional rights are more circumscribed." (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033.)  However, "[i]t is well-established that 'the essentials of due process and fair treatment' apply to a juvenile delinquency adjudication." (*In re Kevin S.* (2003) 113 Cal.App.4th 97, 107.)  A juvenile deemed a ward of the juvenile court has a statutory right to appeal. (*Id*. at pp. 106–107; see § 800, subd. (a).)  That " 'statutory appeal procedure must be administered fairly to all persons' " (*Kevin S.*, at p. 115), and provide minors with "full and effective appellate review" (*id.* at p. 117).

"A party in a criminal case is entitled to a sufficient record to provide him a meaningful appeal." (*People v. Callahan* (1985) 168 Cal.App.3d 631, 632.)  Our Supreme Court has repeatedly affirmed "the importance of an adequate record as one of

---

[6]	We note the plain language of section 677 only requires the use of an official court reporter when the hearing is conducted by a juvenile court judge.  (*In re Ian J.* (1994) 22 Cal.App.4th 833, 836.)

[7]	See <https://www.merced.courts.ca.gov/forms-filing/standing-general-orders> [as of January 26, 2026], archived at <http://perma.cc/6RSH-NKZX>.

the basic tools of an effective appeal." (*In re Steven B.* (1979) 25 Cal.3d 1, 8; *People v. Catlin* (2001) 26 Cal.4th 81, 166–167; *March v. Municipal Court* (1972) 7 Cal.3d 422, 428.) But the United States Supreme Court has recognized the use of a reporter's transcript is not the exclusive means of providing a sufficient record for purposes of appeal. "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise." (*Draper v. Washington* (1963) 372 U.S. 487, 495.)

Accordingly, there is more than one pathway to an adequate record for appeal. A transcription by a live court reporter is but one way. And while criminal defendants must be provided with "some method of recording [the proceedings] verbatim" (*In re Armstrong* (1981) 126 Cal.App.3d 565, 573), "the battle over use of certified shorthand reporters versus electronic recording appears to be more political than factual" (*People v. Turner* (1998) 67 Cal.App.4th 1258, 1266). We need not enter this fray; suffice to say the courts have not yet determined an electronically recorded transcript is constitutionally infirm.[8]

Specifically, in *Turner*, the court concluded the use of electronic recording rather than a live court reporter did not violate the adult defendant's constitutional rights. (*People v. Turner*, *supra*, 67 Cal.App.4th at p. 1263.) The court found that "[a]t best, defendants have a statutory right to have the proceedings recorded and prepared by a certified shorthand reporter …." (*Id*. at p. 1264; see Code Civ. Proc., § 269.) "Here, appellant was provided with a verbatim record from which we have been able to review his conviction. Except for his statutory argument, … appellant fails to advise us how the record is in any manner inadequate to protect his right to appeal. We conclude that appellant has failed to demonstrate a violation of constitutional proportions merely

---

[8]    Despite T.D.'s discussion of pending legislation regarding digital court transcribing (see Assem. Bill No. 1189; 2025–2026 Reg. Sess.), the Legislature has also not to date condemned the use of electronic recording to transcribe proceedings.

because an electronic recording device was employed instead of a certified shorthand reporter." (*Turner*, at p. 1263.) Similarly, in *Armstrong*, the court held that although "a misdemeanor defendant, upon his request, is constitutionally entitled to a verbatim 'record of sufficient completeness' permitting proper consideration of an appeal," the court declined to conclude electronic recordings could not satisfy this constitutional requirement. (*People v. Armstrong*, *supra*, 126 Cal.App.3d at p. 575.)

Under *Turner* and *Armstrong*, the use of an electronic recording device to transcribe T.D.'s juvenile court proceedings did not violate his constitutional rights. The court's failure to comply with section 677 therefore does not constitute an error of federal constitutional dimension. The error is one of state law only and is subject to the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. Under *Watson*, reversal is required only if it is reasonably probable the result would have been different in the absence of the error. (*People v. Gonzales* (2013) 56 Cal.4th 353, 383.)

T.D. impliedly contends the electronic recording of his juvenile court proceedings is tantamount to no verbatim transcript and requires reversal without a showing of prejudice. This court previously addressed if a minor appealing a section 602 proceeding must show prejudice to obtain reversal of the juvenile court's order where the minor admitted the allegations in an unreported hearing. In *In re Ian J.*, *supra*, 22 Cal.App.4th 833, the juvenile court advised the minor of his rights, and the minor waived his rights before admitting the allegations of the section 602 petition during a jurisdictional hearing that was not reported or recorded. (*Ian J.*, at pp. 835–836.) On appeal, the minor argued his admission was not free and voluntary and he was misadvised about the maximum period of confinement. He claimed he could not effectively argue these issues in the absence of a verbatim transcript. (*Id*. at p. 836.) We observed that in *Steven B.*, *supra*, 25 Cal.3d 1, our Supreme Court "[w]riting in the rather limited context of a contested jurisdictional hearing and an appeal challenging sufficiency of the evidence, … concluded that in juvenile cases 'there is no adequate substitute for a complete record'

8.

and that a new jurisdictional hearing was required." (*Ian J.*, at p. 837.)  But we noted "the Supreme Court went to some length in its opinion to show that the minor suffered actual prejudice on the facts before it." (*Id*. at p. 838.)  We concluded "*Steven B*. does not set forth a special standard of per se reversal applicable to all jurisdictional hearings, despite certain suggestive language in the *Steven B*. opinion.  Rather, that case was decided on the basis the missing transcript was of a 'substantial' portion of the contested trial and could not fairly be reconstructed by other means, thereby depriving the minor of fair consideration of the merits of his appeal." (*Ian J.*, at p. 839.)  Accordingly, we found it appropriate to consider the case before us under the "general standard of prejudice." (*Ibid*.)  We concluded reversal was not required because the clerk's minutes provided "an adequate substitute for a verbatim record." (*Ibid*.)

Pursuant to *Turner* and *Ian J.*, we are not persuaded a violation of section 677 by use of an electronic recording, or the lack of a verbatim record is per se prejudicial.  While "[a] criminal defendant is indeed entitled to a record on appeal that is adequate to permit meaningful review," the "record on appeal is inadequate … only if the complained-of deficiency is prejudicial to the defendant's ability to prosecute his appeal. [Citation.]  It is the defendant's burden to show prejudice of this sort." (*People v. Alvarez* (1996) 14 Cal.4th 155, 196, fn. 8.)  T.D. thus bears the burden of showing the lack of an official court reporter's transcript prejudiced his ability to pursue an appeal.

Yet T.D. fails to explain how the record is inadequate to protect his right to appeal.  As explained in *Turner*, a verbatim record by means of an electronic recording provides an adequate record of the proceedings.  Importantly here, and in contrast with the minors in *Ian J.* and *Steven B.*, T.D. was provided with a complete verbatim record of the juvenile court proceedings transcribed from the electronic recordings.  T.D.'s right to appeal was preserved despite the court's violation of section 677 because the record on appeal includes a verbatim transcript of the proceedings.

That transcript shows T.D. admitted the allegation in the section 602 petition as a

misdemeanor and made a knowing and intelligent waiver of his rights before doing so. T.D. does not dispute the validity of his waiver or otherwise contest the propriety of the juvenile court's order. There is no reasonable probability of a different result absent the court's failure to comply with section 677. We therefore conclude T.D. has not shown grounds for reversal of the order.

T.D. also requests standing order No. 2024-03 be stricken, at least with respect to minors charged with felony allegations in section 602 delinquency petitions. Given the standing order has since been rescinded, we need not acquiesce to this request. We appreciate the shortage of court reporters has proved challenging to the superior courts and led to alternate solutions to ensure access to our judicial system does not suffer as a result. The juvenile courts must, however, conduct juvenile delinquency proceedings subject to section 677 in a manner that complies with the statute.

## **DISPOSITION**

The order is affirmed.


                                                          HARRELL, J.

WE CONCUR:


HILL, P. J.


MEEHAN, J.


10.